No. 18,059.

WARREN D. JAMISON AS BOULDER HOME IMPROVEMENT CO. *v.* MARION A. RAYBACK AS RAYBACK PLUMBING CO.

(315 P. [2d] 194)

Decided September 3, 1957.

Messrs. RYAN, SAYRE & MARTIN, for plaintiff in error.

Messrs. WOOD, RIS & HAMES, for defendant in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties will be referred to as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff's action was for damages based on alleged negligence of defendant. From an adverse judgment after trial to the court, plaintiff is here on writ of error, seeking reversal.

On December 15, 1954, plaintiff and defendant entered into an oral contract whereby defendant was to reinstall a plumbing and heating system in a certain house which had been purchased by plaintiff and which was to be, and was, moved to a new location in Boulder, Colorado. It was agreed that defendant was to reinstall the heating system as it had been hooked up at its former location and was to be reimbursed on a time and material basis. Defendant, after the structure was moved started his work, while plaintiff and his employees were engaged in other remodeling work within the house itself. On several occasions between January 1, 1955, and January 11, 1955, plaintiff inspected the premises and on at least two of these occasions noticed that a pipe attached to the overflow tank, which was a part of the gravity system of this type of heating plant, was not extended through the roof of the premises. The purpose of this overflow pipe was to carry off excessive hot water resulting from expansion, down the roof into gutters and thence off the house. Plaintiff contended that he had instructed defendant to hook up the overflow tank to the pipe and extend the pipe through the roof but that the pipe was never extended through the roof of the building. Between January 1 and January 11, 1955, the heating system was put into operation and turned on by plaintiff for the convenience and comfort of his em-

ployees working on the property. Plaintiff testified that his remodeling work was nearly completed on January 11, 1955, however, defendant's work was not finished, there being further work to be done prior to turning over the heating system to plaintiff. On the evening of January 11, 1955, plaintiff went to the premises and discovered that the overflow from the tank had resulted in damage to the ceilings and walls of the first floor of the structure. He called this to the attention of defendant, and plaintiff accompanied by defendant extended the overflow pipe from the tank out through the roof of the premises. Plaintiff then demanded that defendant repair the damage caused by the overflow, which defendant refused to do. Plaintiff made the necessary repair. He then instituted this action to recover $430.10, the amount paid by him to remedy the condition caused by the overflow.

Issues were joined, and certain defenses, including contributory negligence, were pleaded by defendant.

The trial court found that defendant had not completed the installation of the work he was employed to do prior to the use of the heating system by the plaintiff, and that this fact was well known to plaintiff. The court found: " * * * that the plaintiff and his agents knew on the night of the occasion of the overflow of the expansion tank that the overflow pipe had not been connected through the roof and had such knowledge for at least several days prior thereto. * * * The plaintiff knowing that the overflow pipe was not connected, continued to use the system for his own purposes without the pipe being connected, and with admitted knowledge of such fact." The record discloses that neither defendant nor any of his employees had been in the building at any time during the three or four days prior to the time the tank overflowed.

◼ Plaintiff's case was necessarily based on negligence. However, the evidence does not indicate that defendant was negligent. Plaintiff cannot recover because

he used the heating system knowing that its installation was incomplete. The damage would not have occurred had plaintiff not used the heating system on the date in question, well knowing of its condition. Plaintiff admitted there was no high limit control on the system, he also testified that he turned the thermostat down after discovering the damage, indicating neither he nor his employees turned it down prior to leaving work on January 11th. It is evident that the operation of the heating system by plaintiff on this date was the proximate cause of the damage, taking into consideration all the facts shown by the evidence.

The case presents a finding on the part of the trial court in favor of defendant after plaintiff had presented his entire case. Had any other judgment been entered he would be compelled to set the same aside.

Perceiving no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.